PERKINS *v.* GILLETT WAREHOUSE COMPANY.

Opinion delivered June 20, 1921.

MASTER AND SERVANT—DISCHARGE FOR ACCEPTING OTHER EMPLOYMENT.
—Where the officers of a warehouse company permitted its warehouse manager, who had agreed to "devote his entire time to the work required of him by the company," to continue his work for two months without objection after discovery that he was employed as food inspector by the government, and he devoted all the time that was required of him in performance of his duty to the company, and one of such officers was receiving one-half of the manager's salary as food inspector, the company was not authorized to discharge him on the ground that he had accepted other employment, since, if there was a breach of the contract, it was waived by the company.

Appeal from Arkansas Chancery Court, Southern District; *John M. Elliott,* Chancellor; reversed.

*Botts & O'Daniel,* for appellant.

The contract was entire for a certain sum of money, and appellant, having been dismissed without cause prior to the expiration of his contract, was entitled to recover the full amount of his salary at the expiration of his time. 57 Ark. 374, 383. The decree of the chancellor is not sustained by any evidence whatever, and the facts are undisputed. The case is fully developed, and decree should be entered here for appellant for $495, the full amount due him. 56 Ark. 128, 131. The cases relied on by appellee are not in point.

*T. J. Moher* and *John L. Ingram,* for appellees.

The contract was an entire one and was breached by appellant, and he was not entitled to recover. 57 Ark. 374 does not apply, nor does 102 Ark. 79.

One who sues on a special contract to recover compensation due on its performance must show performance on his part if that matter is put in issue. 13 C. J., § 762, and cases cited; *Ib.* 635, § 706; see 128 Ark. 535-541; 65 Ark. 320; 93 *Id.* 478; 88 *Id.* 491. The decree is in all things correct.

McCULLOCH, C. J. This is an action instituted by appellant in the chancery court of Arkansas County to

establish his claim for a debt due under contract by the Gillett Warehouse Company, a dissolved corporation. Appellant alleged that he was employed by said corporation to perform services for ten months beginning on August 15, 1918, and ending on June 15, 1919, at a stated salary of $1,500 for the term; that he had been paid the sum of $1,050 in monthly installments, leaving a balance due in the sum of $450, and that he was wrongfully discharged on May 1, 1919, and was unable to procure other employment during the remainder of the term. The answer of appellee admitted the execution of the contract; but alleged that, according to the terms thereof, appellant was to "devote his entire time to the work required of him by the company," and that appellant had broken the contract himself by accepting other employment. The cause was heard by the chancery court on the testimony adduced by each side, and the court found the issues against appellant and rendered a decree dismissing his complaint for want of equity.

The Gillett Warehouse Company, a domestic corporation, was engaged at Gillett, Arkansas, in the business of buying, storing and selling rice. Appellant was an expert rice grader and weigher with many years experience, and in August, 1918, the corporation employed appellant as manager of the business for a period of ten months, as stated in the complaint, at a salary of fifteen hundred dollars. The contract was oral, but the terms thereof are recited in a resolution of the board of directors of the corporation at a meeting at which, according to the testimony, appellant was present. This resolution recited that appellant was employed as manager for ten months at $150 per month, and that it was agreed that appellant "would devote his entire time to the work required of him by the company." E. L. Chaney was president of the corporation and L. L. Chaney, his son, was secretary and treasurer. Early in September, 1918, appellant was employed as inspector under the United States Food Administration at a salary of $100 per month. When offered the appointment to this place, he stipulated

in his contract with the Food Administration that his services were to be performed at the warehouse of the Gillett Warehouse Company, and that he was not required to perform any duties which would require his absence from that place.

Appellant testified that before he accepted this appointment he submitted the matter to E. L. Chaney, the president of the corporation, who consented to his accepting it and performing the work. L. L. Chaney worked at the warehouse, and he and appellant worked together in the operation of the business of the corporation, and also shared the work and salary of appellant under the appointment by the food administrator. E. L. Chaney denied that he was consulted by appellant as to the appointment as food inspector. The duties of appellant as food inspector were to grade and weigh rice, which were also a part of his duties in the management of said corporation. L. L. Chaney admitted that he knew about appellant's employment as food inspector, and that in December, 1919, he began the acceptance of part of the salary, and that he received half of the salary for four months. Appellant said that L. L. Chaney accepted the salary from September 15, 1918, up to the time of appellant's discharge on May 1, 1919.

It is conceded that all of the parties, including the directors of the corporation other than E. L. Chaney and L. L. Chaney, ascertained in January, 1919, that appellant had been employed as food inspector and was receiving a salary as such, and no objection was made until he was discharged on May 1. Appellant testified that, when he was discharged, the only grounds stated for the discharge were that the corporation was not making any money on that year's business, and that his discharge was essential for economy in the operation of the business. Each of the two Chaneys testified that appellant was discharged on account of giving a portion of his time to the service of the United States Food Administration. It is also conceded that appellant properly performed all of his duties as manager of the business of his employer,

Gillett Warehouse Company, and that he did not neglect his work in any respect; that all of his services performed. for the Food Administration were at the warehouse and that the corporation suffered no loss or injury by reason of neglect on the part of appellant to perform his duties.

It is unnecessary to determine where the preponderance of the testimony lies as to some of the issues in the case, for we are clearly of the opinion that, according to the uncontradicted evidence, appellant is entitled to recover on the ground that appellees waived the alleged breach of the contract by appellant, if there was indeed a breach, according to the testimony, by permitting him to continue in the performance of the contract for at least two months without objection after discovering that he was working in other employment. It will be observed that, according to the terms of the contract as specified in the resolution adopted by the board of directors of the corporation, appellant was not expressly prohibited from accepting other employment, but that he would "devote his entire time to the work required of him by the company." According to the uncontradicted testimony, appellant did devote all the time that was required of him, and he did not to the least extent neglect his duty to his employer. And, according to the undisputed testimony, the directors of the corporation, including the two Chaneys, who were its active managers, ascertained that appellant was performing other work in January, and they permitted him to continue without objection until he was discharged on May 1, 1919. In the meantime one of the Chaneys was getting half of appellant's salary as food inspector.

Counsel for appellees rely on the case of *Van Vleet* v. *Hayes,* 56 Ark. 120, as sustaining their contention that the failure to object to appellant's employment as food inspector and his retention in the employment did not constitute a waiver of the breach of the contract. The facts of that case are entirely different, and have no application to the present one. In that case Hayes was employed as a traveling salesman, and was to receive a

certain salary unconditionally. Under the contract he was to receive an additional salary on certain conditions, and the issue in the case was whether or not he had broken the contract by failing to perform those conditions. The court held that, under those circumstances, the employer did not waive the breach by retaining the employee in the service, for the reason that part of the contract and the salary pertaining thereto was unconditional, and that the employer had the right, without waiving the breach, to permit the employee to remain in the service and receive the unconditional salary. In the present case the condition related to the whole of the contract, which was indivisible, and the breach of the contract was entirely waived by the retention of appellant in the employment and failure to make objection to the breach.

The decree is therefore reversed with directions to render a decree in favor of appellant for the sum of $450, the balance due him on his salary, with interest at legal rate from June 15, 1919, the date on which the final payment of his salary was due.